Attorney's Office prepared an order dismissing criminal charges against Mr. Mancera in an illegal reentry case, by coincidence, but that's really irrelevant. The order also provided that he be remanded to the Bureau of Prisons to serve a sentence previously imposed. That order from the magistrate failed to reference the previously imposed criminal conviction he was supposed to serve. Counsel, you've got a really good case on the equities of this. It's just a mistake and it shouldn't happen. I do not quite understand how you get around McQuaid and the exception that preserves sovereign immunity for false imprisonment in the Federal Tort Claims Act. Okay, I'll address that. And the issue with McQuaid, it's not just the words of McQuaid, but also the sense that you can't have people at the jail second-guessing and not following the judge's orders. That's why I specifically noted that the judge's remand order to serve a previously imposed sentence didn't make reference to that previously imposed sentence. I'm asking you to keep that in mind. It didn't say what that sentence was. No, and it didn't say what the court case was. Or even what case it was imposed in. That's absolutely correct. Now, as to false imprisonment by law enforcement officers, 28 U.S. Code 2680H has a proviso that specifically says false imprisonment when perpetrated by Federal law enforcement officers with the power to arrest is a waiver of sovereign immunity. If some social security clerk arrests someone, there's no waiver of sovereign immunity. That looks to me like a Bivens waiver. If the FBI violates somebody's civil rights in the course of a raid, they've got their Bivens liability, and the United States has its liability, despite the preservation of sovereign immunity for false imprisonment. Well, the distinguishing factor in McQuaid is McQuaid was based upon the regulations that required the Bureau of Prisons to detain someone on a civil commitment until they received a further order of the court for their release. For a person committed to the Bureau of Prisons to serve a crime, to serve a crime, no other court order is ever issued by the district court. It's the duty of the Bureau of Prisons to take that person's judgment and commitment order, see how long a period of time the judge sentenced him to serve for that crime, and on their own volition release them when they have finished serving the sentence for the crime. That's different than civil commitment. They hold the key to the prison. Someone on civil commitment who doesn't want to answer questions can get out any time they want by sending a letter to the judge that says, I'll answer the question. But the judge's mistake, you're saying it's the prison's mistake, because with an order like that, they should look up the previous imprisonment. Absolutely correct. That's absolutely correct. And I want to call the Court's attention to a Ninth Circuit case which I cited, Martinez, which basically says a jailer may be liable for false imprisonment if the jailer knows that the imprisonment is unlawful or if there's some notice sufficient to him as a reasonable man under a duty to investigate the validity of the incarceration. Now, the validity of this incarceration rests upon a previously imposed sentence. So the jailer, when it received the order in this case, should have either called their attorney, whose name is listed on the order, the U.S. attorney's name is on the order, inquiring where is the previous judgment and commitment order. Every jailer knows in the Federal Bureau of Prisons that they take custody of prisoners based on judgment and commitment orders with specific time periods to serve. They get 54 days off a year, good time, and they're supposed to calculate that and release them when they finish serving their sentence. To do that, they need the commitment order. Are the BOP officials that are supposed to do that law enforcement officers? Yes. The citation for Bureau of Prisons as law enforcement officers is cited in my brief. Let's see. There's a specific provision that Bureau of Prisons is allowed to arrest people. And I thought I had it with me, but I know I cited both the marshals and the Bureau of Prisons have the authority to arrest them. If the Bureau of Prisons couldn't arrest anybody, then if someone committed a crime while they were in the prison, how could the Bureau of Prisons not stop them from committing that crime? They have the power to arrest. Oh, here it is. 18 U.S. Code 3050, subparagraph 1. An officer or employee of the Bureau of Prisons may make arrests on or off Bureau of Prisons property without a warrant. So the negligence here is the failure of the Bureau of Prisons when it receives the order for remand to not ask themselves, where's the judgment and commitment order? The order really isn't valid on its face because it fails to reference the judgment and commitment order that Mr. Mancera is supposed to be serving. Without it, I don't think it is valid. I think anyone who looked at this would scratch their head and say, okay, what is this person in prison for? Is he a rapist? Is he a murderer? Is he here for tax evasion? What am I supposed to do with him? And how long? Because if he's a violent criminal, they may want to put him in a penitentiary. And if he's a white-collar criminal, they may want to put him in a camp. Basically, what you're saying is that they had a duty to look to see what the incarcerating document was and they didn't do it. And if they had, they would have found there wasn't any. That's absolutely correct. That's the point of our case. That's absolutely correct. I'd like to reserve the rest of my time. Thank you. Thank you, Counsel. Good morning. May it please the Court, I'm Jonathan Klink on behalf of the Appellate of the United States. We are here today because the Bureau of His Prisons followed a judicial order which was valid on its face. It didn't. It didn't follow its own regulations, right? In other words, what's the answer to what BOP does when it gets the order and it's supposed to comply with the prior sentence? And don't they have to look at it? That goes into facts which are not direct. Let me answer that as best I can. As I understand it, there are two types of inmates that the BOP handles at MDC, which is the institution where this took place. Pre-trial detainees and sentence defenders who come with a judgment and commitment order. When there's a judgment and commitment order, there's a sentence on there which is calculated. And they have regulations. They have a two-inch thick manual that covers what they do. This was the case of a pre-trial detainee. And unfortunately, it's a snafu. There's no other way to explain it. But the order is not an order of commitment. It's an order of dismissal. And it merely references that, which is common, he shouldn't be released if he has another sentence to serve. And so that places the obligation on the Bureau of Prisons to determine what that other sentence is, right? Otherwise, what, they can keep him forever because they can't find an order sentencing him? That's essentially the holding of McQuaid. No, no, no. McQuaid. McQuaid gives immunity on the basis of following a regulation. You don't cite a regulation here that the BOP follows. Actually, the McQuaid case, the majority opinion went on to say it discussed the CFR, but it went on to say there was no duty under that CFR. No, no. But the holding was right. The words of the statute says, right, the government has immunity, right, for exercising due care and executing a regulation. That's the basis of the immunity. There is no regulation here that was executed, is there? But, Your Honor, the court went on to nail that right on the Marshall and the Bureau owed no duty to McQuaid because of because of the because of the statute. The statute gives immunity. I'm sorry, Your Honor. Did I cut you off? Go ahead. Go ahead. Thank you, Your Honor. The rationale of McQuaid is very clear. At the end of the opinion, it extends a prior Ninth Circuit opinion. It had stated that a federal judge has, is not a federal employee for the purposes of the Federal Tort Claims Act when he's trying a case. McQuaid extended that to include the facts when the judge sentences a prisoner. Right. And we're not talking here about sentencing a prisoner. The whole problem is he was never sentenced. I think you're on a tough track here because you're on the part of the statute that involves due care. Let me take you down the other track of the statute that doesn't involve due care. Is there any dispute that the Bureau of Prisons persons on whose actions liability is based are law enforcement officers for purposes of 26 ADH or is it conceded that they are? Well, there is a number of employees, but I don't think we would contest that some Bureau of Prisons officials are law enforcement officials. But as a threshold matter, only Congress. Now, once it's conceded that they're law enforcement officials, then under 26 ADH, it looks like you've got a real problem here because they weren't exactly doing what the court order said. If the judge gave an illegal sentence, let me give you two hypothetical cases. Judge gives an illegal sentence. It is ordered in a judge that the defendant be held in the custody of the Bureau of Prisons for 10 years. Statute has a one-year maximum. Years 2 through 10 are illegal. Bureau of Prisons does it because that's what the judge said. Then I think they're just carrying out the order. If the judge says the defendant is released on the charge before me, I'm remanding him to the Bureau of Prisons to be processed out and held under any other sentences or detainers that may be pending. And they hold him forever even though there are no sentences or detainers pending. That strikes me as very different from holding him pursuant to the illegal sentence in the first hypo. And I'm wondering why this isn't like the second hypo. And once you concede that they're law enforcement officers, or at least some of them are, the proviso applies, the exception to the exception in 26 ADH. Because, Your Honor, the 26 ADH scenario is where it's not following a judicial order. That's where an arrest is made. And those are all the cases cited by the appellant. Roden. Not just an arrest. Arrest is one of them, but a false imprisonment is in that exception. That's correct. And that was what the liability was found in Roden, in Martinez, in Caban. Those are all cases where the Federal agents are acting without a court order. What do you say, Mr. McQuade, that subsection H is not relevant to this case? Your Honor, we filed the motion on the basis under 26 ADH in McQuade where a Federal officer follows a facially valid judicial order. There's no liability under the Federal Tort Claims Act. So the answer is, first of all, you're not depending on subsection H. But the plaintiff is. The plaintiff may be, but I don't think the plaintiff can get around 26 ADH exemption. He has to jump through both of those hoops, A and H. Is that your position? I think so, Your Honor. Because prior to the enactment of the Federal Tort Claims Act, there's no question that there would be no liability on behalf of the Federal Government because of sovereign immunity. Then Federal Tort Claims Act is enacted, and there is limited waiver of sovereign immunity, but not a waiver here because 26 ADH specifically exempts. It's held in McQuade where Federal officers follow a valid judicial order. Only if they're careful. You agree to this proposition, then? If we rule against you on A, you lose the case. Without regard to what H says. I'm sorry, Your Honor. Without regard to what H says. Our motion was only on 26 ADH. No, I'm talking about how we should resolve this case. If you lose on A, you lose the case. We don't even have to think about H. That raises another point, and I would like to, if I may, if the Court is troubled by the government agreement or government agreement. I just want to know what your position is. There's a Supreme Court case that I think may be applicable to this fact if the Court goes past the 26 ADH exemption. And that case is the United States v. Olson. The Supreme Court number is 04759. And if the Court is then inclined to go. You mean if that's all you have, you don't have a case like that? No, Your Honor, because it was just briefed and argued, and it's under submission by the Supreme Court. Oh, it's not a decision yet. Exactly, Your Honor. So what we would submit is if the Court is inclined to go past 26 ADH, that it holds the case in abeyance pending the Supreme Court's decision. What's the proposition in Olson that's relevant to our case? The issue in Olson that was relevant here is whether the private person analogy Let me refer to my notes, Your Honor. The Bureau of Prisons performs a unique function, which is not replicated by private individuals under the laws of the State of California. And that's the issue that's before the Supreme Court in Olson. And if this Court is inclined to go past the 26 ADH, it may, we respectfully submit, it may wish to You want us to wait for Olson? Yes, Your Honor. Now, it looked to me like you were dead in the water on A. I didn't see how you even made an argument out of it, because A says that the provisions of this chapter, which are the waiver of sovereign immunity, don't apply to a claim based on an act or omission of a government employee, quote, exercising due care, close quote. And it seems pretty dubious that the prison employees can be exercising due care when they never bother to look up the sentence that a person is supposedly being held under to discover that there isn't any sentence that he's being held under. At the very least, it seems like he'd be entitled to get to trial on that. And that question is answered by the fact that under McQuaid and the law McQuaid cites a regulation. Could you explain the regulation McQuaid relies upon is carrying out a valid order of the court. You don't have the order here. The order just says, well, I assume you've got him held under some other sentence, so I'm releasing him, but you can hold him pursuant to whatever other sentence he's held under. Well, somebody's got to look up the other sentence. The judge didn't. The judge didn't say continue his imprisonment for eight years or whatever. He just assumed, I suppose, because somebody told him that there was another sentence. And we'd answer that by saying, Your Honor, if he was met under McQuaid, there's no requirement to make a reference or go behind a facially valid order. Okay. Can I just say that he'd be remanded? I'm sorry, Your Honor. Go ahead. That he be remanded to the custody of the Bureau of Prisons on the sentence previously imposed. Okay. And the sentence previously imposed, there's a duty on the part of the VOP to determine then, by looking to that, what they're supposed to do. The regulation that was issued in McQuaid, and I'd like to know, Section 0.111K provides that the marshal, this is looking at the marshal, hold prisoners from the time of their remand to a marshal by the court until prisoner is otherwise released from custody by the court. Okay. The Bureau was required to hold McQuaid pursuant to Section 522.10 until the court ordered his release. Now, are those two regulations what are at issue in this case? No, Your Honor. Okay. And what are? No regulations. We would submit that under McQuaid, the jailer owes no duty to the prisoner to go behind a facially valid order. And that's what the plaintiff would require to be done here. What if the judge's, I'm reading the judge's order. It says, Complaint is dismissed without prejudice. Defendant be maintained in the custody of the Bureau of Prisons on the sentence previously imposed. Let's say hypothetically, he said, on the sentence previously imposed in case number, and then he gave a case number. And the Bureau of Prisons then looked up the sentence in that case number and discovered that that sentence had expired. Would the Bureau of Prisons be able to hold this fellow anyway without liability because the order said, maintain in the custody of the Bureau of Prisons on the sentence previously imposed? And we would submit, Your Honor, the answer would be yes, it could. There would be no liability because that circumstance is exempted under 2688. Because the order is facially valid. But the order there says, implicitly, let him out right now because the sentence previously imposed has expired. We submit, Your Honor, that's exactly what McQuaid and the cases is based on. I'm sorry. McQuaid is a civil commitment. The judge has to tell them when the civil commitment is. What the order in this case does is you hold him per the terms of the previously imposed order. That's an incorporation by reference. So it's not, you're not waiting for the judge anymore. So under your analysis, they could have held him for a life in prison. Then that's the case. With no liability whatsoever. And if he's pro se and didn't understand and he, you know, he rots away in jail for 10 years or whatever, too bad. Because they don't owe him a duty to go look at the incorporated document. I don't make the, I'm sorry, Counselor, your argument doesn't make any sense under McQuaid. We would submit that McQuaid was based on Wuerl, which found liability. But that was the state, the situation of the state officer. Thank you, Counselor. So my time is up. Thank you very much. Unless you have any further questions of me, I'm going to submit. Thank you very much. Thank you, Counsel. Good move.
judges: Kleinfeld, Tashima, Fisher